4148007M72                                                                Firm I.D. 36699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FRANK BILEK and KATHI BILEK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 2018 L 001039 |
| | ) | |
| FORI AUTOMATION, INC., | ) | |
| OXBOW MACHINE PRODUCTS, INC., | ) | |
| and ARISTEO CONSTRUCTION | ) | |
| COMPANY; | ) | |
| | ) | |
| Defendants. | ) | |

### FORI AUTOMATION, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441 *et seq.*, Defendant Fori Automation, Inc. ("Fori"), by its undersigned attorney, notice removal of this civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division (the "Notice of Removal"). This Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In further support of its Notice of Removal, defendant states:

1.      On January 30, 2018, Plaintiffs Frank Bilek and Kathi Bilek filed this civil action against Defendants Fori Automation, Inc., Oxbow Machine Products, Inc. and Aristeo Construction Company, in the Circuit Court of Cook County, Illinois, Case No. 2018 L 001039, (the "State Court Action").

2.      A copy of the complaint in the State Court Action was served on Fori on February 5, 2018. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

3.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders" served upon Fori in the State Court Action are attached hereto as Exhibit 1.

4.     Pursuant to 28 U.S.C. § 1446(d), Fori will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois. Fori will also serve Plaintiffs with a copy of this Notice of Removal. A copy of the Notice of Filing of the Notice of Removal is attached hereto as Exhibit 2.

5.     District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

6.     For the purposes of 28 U.S.C. § 1441, an individual shall be deemed a citizen of a state where the individual is domiciled. A corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

7.     Plaintiff is domiciled in the State of Indiana.

8.     Fori is a Michigan corporation, with its principal place of business in Michigan.

9.     Plaintiff sued Fori Automation, Inc.

10.     Aristeo Construction Company is a Michigan corporation with its principal place of business in Michigan.

11.     Oxbow Machine Products, Inc. is a Michigan corporation with its principal place of business in Michigan.

12.     "For the purposes of removal . . . the citizenship of [the John Does] shall be disregarded." 28 U.S.C. § 1441(a).

2

13.     The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14.     Therefore, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15.     Defendants Oxbow Machine Products, Inc. and Aristeo Construction Company consent to the removal of this civil action to the United States District Court for the Northern District of Illinois, Eastern Division. (Oxbow Machine Products, Inc.'s Consent, attached as Exhibit 3; Aristeo Construction Company's Consent attached as Ex. 4.)

WHEREFORE, Defendant Fori Automation, Inc., submits this Notice of Removal, removing this civil action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441 *et seq.*

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

By:___ /s/ Scott D. Pfeiffer_____
          One of the attorneys for defendants Fori
          Automation, Inc.

Scott D. Pfeiffer (ARDC #6272869)
CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 332-8450
Facsimile: (312) 332-8451
E-mail: sdp@crayhuber.com

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to Fed. R. Civ. P. 5, that a true and correct copy of the foregoing **Notice of Removal** was filed on **March 6, 2018** with the clerk of the court using the CM/ECF system, and notice to counsel of record will be sent via email.

By:     /s/  Scott D. Pfeiffer
        Scott D. Pfeiffer (#6272869)


Scott D. Pfeiffer (#6272869)
sdp@crayhuber.com
CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC
303 West Madison, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 332-8450
Facsimile: (312) 332-8451

4

⊘ M♂ 2/5/18
♙ ♎

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

No. _____

FRANK BILEK and KATHI BILEK
_____
(Name all parties)
v.

FORI AUTOMATION, INC., OXBOW MACHINE PRODUCTS, INC.,and ARISTEO CONSTRUCTION COMPANY

⊙ SUMMONS ◯ ALIAS SUMMONS
SEE ATTACHED SERVICE LIST

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602

◯ District 2 - Skokie 　　◯ District 3 - Rolling Meadows 　　◯ District 4 - Maywood
　 5600 Old Orchard Rd. 　　　2121 Euclid 　　　　　　　　　　　1500 Maybrook Ave.
　 Skokie, IL 60077 　　　　　　Rolling Meadows, IL 60008 　　　 Maywood, IL 60153

◯ District 5 - Bridgeview 　◯ District 6 - Markham 　　　　　◯ Child Support
　 10220 S. 76th Ave. 　　　　　16501 S. Kedzie Pkwy. 　　　　　28 North Clark St., Room 200
　 Bridgeview, IL 60455 　　　　Markham, IL 60428 　　　　　　　Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 38118

Name: Kenneth J. Allen Law Group, LLC

Atty. for: Plaintiffs

Address: 1109 Glendale Boulevard

City/State/Zip: Valparaiso, IN 46383

Telephone: (219) 465-6292

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

DOROTHY BROWN JAN 3 0 2018

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL**

ORIGINAL HELD FEB 5/18

**EXHIBIT**
1

## Service List

Aristeo Construction Company
c/o Illinois Corporation Service, registered agent
801 Adlai Stevenson Drive
Springfield, IL 62703

Oxbow Machine Products, Inc.
c/o Michael Tiano, registered agent
12743 Merriman Road
Livonia, MI 48150

Fori Automation, Inc.
c/o Bernd Koerner, registered agent
13231 23 Mile Road
Shelby Township, MI 48315

Firm I.D. 38118

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION

FRANK BILEK and )
KATHI BILEK, )
                             )
       Plaintiffs, )
                             )
   v. )    CASE NO.
                             )    **12 PERSON JURY DEMANDED**
FORI AUTOMATION, INC., )    **IN EXCESS OF $100,000.00**
OXBOW MACHINE PRODUCTS, INC., )
and ARISTEO CONSTRUCTION )
COMPANY, )
                             )
       Defendants. )

## COMPLAINT AT LAW

### *COUNT I-FORI AUTOMATION, INC.-NEGLIGENCE*

Comes now, Plaintiff, Frank Bilek (hereinafter, "Frank"), by counsel, KENNETH J. ALLEN LAW GROUP, LLC, and for Count I of his Complaint against Defendant, FORI AUTOMATION, INC., (hereinafter, "Fori") alleges and states as follows:

1.     At all times relevant herein, Fori was a corporation doing business in, and deriving revenue from, Cook County, Illinois.

2.     At all relevant times herein, Fori designed, engineered, manufactured, assembled, inspected, marketed, sold, supplied, distributed and/or otherwise placed into the stream of commerce, the "Moon Buggy" system and its component parts, used at the

Ford Motor Plant Facility located at 1000 Lincoln Highway in Chicago Heights, Cook County, Illinois.

3.       At all relevant times herein, Frank was an employee of Ford Motor Company and assigned to work at the Ford Plant in Chicago Heights. Frank worked near and around the moon buggy system and its component parts, and Frank was within the class of persons Fori should have reasonably foreseen as likely working with, near or around the moon buggy system and its component parts.

4.       Fori owed Frank and other similarly-situated individuals a duty to use reasonable care in the design, engineering, manufacturing, preparation, assembly, installation, inspection, sale, marketing, supplying, distribution, and/or otherwise placing the moon buggy system and its component parts into the stream of commerce, and in the provision of proper instructions, directions, training, warning and/or hazard guarding of the same.

5.       Fori breached the foregoing duties and was negligent in one or more of the following aspects, *inter alia*:

(a)      Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts that failed to incorporate a safety control to prevent a pinch point between the operator's platform and moon buggy carts;

(b)      Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without

- 2 -

taking into account the surrounding structures and work environment that the moon buggy carts would be operating in, near or around;

(c)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without properly guarding against and/or warning against the pinch point hazard between the operator's platform and moon buggy carts;

(d)     Failed to properly oversee the installation and construction of its designed and engineered moon buggy system;

(e)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts, when it knew or should have known that the operator's platform was not long enough for workers to work safely around the moon buggy carts without potentially standing in the pinch point between the platform the moon buggy carts;

(f)     Incorrectly and negligently designed the moon buggy system and its component parts;

(g)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts in such a manner that a worker's low extremities could come into contact with the moon buggy cart during ordinary and foreseeable use;

(h)     Inadequately instructed or provided inadequate warning to reasonably foreseeable and anticipated users of the moon buggy system and its component parts about the proper methods to avoid the pinch point between the operator's platform and the moon buggy, which was occasioned by its negligent design and/or installation of the moon buggy system;

(i)     Violated provisions of OSHA, ANSI, ISO, ASTM and other applicable standards and codes without justification or excuse; and/or

(j)     Failed to use the same degree of care or caution that a reasonable prudent person or company would have exercised under the same or substantially similar circumstances.

6. On or about May 27, 2017, Frank was working on the operator's platform utilizing the moon buggy system and its component parts for their intended purpose and in a reasonably foreseeable manner when his foot was severely and violently crushed when it was pinned between the operator's platform and the moon buggy.

7. As a direct and proximate result of the foregoing negligence, Frank sustained severe personal injuries; incurred and will continue to incur, hospital diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; will incur such expenses in the future; suffered and will continue to suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, disfigurement, and permanent disability; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Frank Bilek, respectfully seeks the entry of judgment in his favor and against Defendant, FORI AUTOMATION, INC. for compensatory damages in an amount within the jurisdictional limits of this Court, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### COUNT II-FORI AUTOMATION, INC.-LOSS OF CONSORTIUM

Comes now, Plaintiff, Kathi Bilek (hereinafter, "Kathi"), by counsel, KENNETH J. ALLEN LAW GROUP, LLC, and for Count II of her Complaint against Defendant, FORI AUTOMATION, INC., (hereinafter, "Fori") alleges and states as follows:

- 4 -

1.     At all times relevant herein, Fori was a corporation doing business in, and deriving revenue from, Cook County, Illinois.

2.     At all relevant times herein, Fori designed, engineered, manufactured, assembled, inspected, marketed, sold, supplied, distributed and/or otherwise placed into the stream of commerce, the "Moon Buggy" system and its component parts, used at the Ford Motor Plant Facility located at 1000 Lincoln Highway in Chicago Heights, Cook County, Illinois.

3.     At all relevant times herein, Frank Bilek ("Frank") was an employee of Ford Motor Company and assigned to work at the Ford Plant in Chicago Heights. Frank worked near and around the moon buggy system and its component parts, and Frank was within the class of persons Fori should have reasonably foreseen as likely working with, near or around the moon buggy system and its component parts.

4.     Fori owed Frank and other similarly-situated individuals a duty to use reasonable care in the design, engineering, manufacturing, preparation, assembly, installation, inspection, sale, marketing, supplying, distribution, and/or otherwise placing the moon buggy system and its component parts into the stream of commerce, and in the provision of proper instructions, directions, training, warning and/or hazard guarding of the same.

5.     Fori breached the foregoing duties and was negligent in one or more of the following aspects, *inter alia*:

- 5 -

(a)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts that failed to incorporate a safety control to prevent a pinch point between the operator's platform and moon buggy carts;

(b)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without taking into account the surrounding structures and work environment that the moon buggy carts would be operating in, near or around;

(c)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without properly guarding against and/or warning against the pinch point hazard between the operator's platform and moon buggy carts;

(d)     Failed to properly oversee the installation and construction of its designed and engineered moon buggy system;

(e)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts, when it knew or should have known that the operator's platform was not long enough for workers to work safely around the moon buggy carts without potentially standing in the pinch point between the platform the moon buggy carts;

(f)     Incorrectly and negligently designed the moon buggy system and its component parts;

(g)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts in such a manner that a worker's low extremities could come into contact with the moon buggy cart during ordinary and foreseeable use;

(h)     Inadequately instructed or provided inadequate warning to reasonably foreseeable and anticipated users of the moon buggy system and its component parts about the proper methods to avoid the pinch point between the

- 6 -

operator's platform and the moon buggy, which was occasioned by its negligent design and/or installation of the moon buggy system;

(i)     Violated provisions of OSHA, ANSI, ISO, ASTM and other applicable standards and codes without justification or excuse; and/or

(j)     Failed to use the same degree of care or caution that a reasonable prudent person or company would have exercised under the same or substantially similar circumstances.

6.      On or about May 27, 2017, Frank was working on the operator's platform utilizing the moon buggy system and its component parts for their intended purpose and in a reasonably foreseeable manner when his foot was severely and violently crushed when it was pinned between the operator's platform and the moon buggy.

7.      As a direct and proximate result of the foregoing negligence, Frank sustained severe personal injuries; incurred and will continue to incur, hospital diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; will incur such expenses in the future; suffered and will continue to suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, disfigurement, and permanent disability; and incurred other injuries and damages of a personal and pecuniary nature.

8.      At all times relevant herein, Frank and Kathi were and are husband and wife, respectively.

- 7 -

9.        As direct and proximate result of Fori's negligence and Frank's proximately

resulting injuries, Kathi has been deprived of a portion of Frank's love, companionship,

consortium, and/or other services which he had ably provided prior to May 27, 2017.

WHEREFORE, Plaintiff, Kathi Bilek, respectfully seeks the entry of judgment in

her favor and against Defendant, FORI AUTOMATION, INC. for compensatory damages

in an amount within the jurisdictional limits of this Court, for the costs of this action, and

for any and all other relief that the Court may deem proper under the circumstances.

### COUNT III-OXBOW MACHINE PRODUCTS, INC.-NEGLIGENCE

Comes now, Plaintiff, Frank Bilek (hereinafter, "Frank"), by counsel, KENNETH J.

ALLEN LAW GROUP, LLC, and for Count III of his Complaint against Defendant, OXBOW

MACHINE PRODUCTS, INC., (hereinafter, "Oxbow") alleges and states as follows:

1.        At all times relevant herein, Oxbow was a corporation doing business in,

and deriving revenue from, Cook County, Illinois.

2.        At all relevant times herein, Oxbow designed, engineered, manufactured,

assembled, inspected, marketed, sold, supplied, distributed and/or otherwise placed into

the stream of commerce, the "Moon Buggy" system and its component parts, used at the

Ford Motor Plant Facility located at 1000 Lincoln Highway in Chicago Heights, Cook

County, Illinois.

3.        At all relevant times herein, Frank was an employee of Ford Motor

Company and assigned to work at the Ford Plant in Chicago Heights. Frank worked near

and around the moon buggy system and its component parts, and Frank was within the class of persons Oxbow should have reasonably foreseen as likely working with, near or around the moon buggy system and its component parts.

4.      Oxbow owed Frank and other similarly-situated individuals a duty to use reasonable care in the design, engineering, manufacturing, preparation, assembly, installation, inspection, sale, marketing, supplying, distribution, and/or otherwise placing the moon buggy system and its component parts into the stream of commerce, and in the provision of proper instructions, directions, training, warning and/or hazard guarding of the same.

5.      Oxbow breached the foregoing duties and was negligent in one or more of the following aspects, *inter alia*:

(a)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts that failed to incorporate a safety control to prevent a pinch point between the operator's platform and moon buggy carts;

(b)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without taking into account the surrounding structures and work environment that the moon buggy carts would be operating in, near or around;

(c)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without properly guarding against and/or warning against the pinch point hazard between the operator's platform and moon buggy carts;

- 9 -

(d)     Failed to properly oversee the installation and construction of its designed and engineered moon buggy system;

(e)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts, when it knew or should have known that the operator's platform was not long enough for workers to work safely around the moon buggy carts without potentially standing in the pinch point between the platform the moon buggy carts;

(f)     Incorrectly and negligently designed the moon buggy system and its component parts;

(g)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts in   such a manner that a worker's low extremities could come into contact with the moon buggy cart during ordinary and foreseeable use;

(h)     Inadequately instructed or provided inadequate warning to  reasonably foreseeable and anticipated users of the moon buggy  system and its component parts about the proper methods to avoid the pinch point between the operator's platform and the moon buggy, which was occasioned by its negligent design and/or installation of the moon buggy system;

(i)     Violated provisions of OSHA, ANSI, ISO, ASTM and other applicable standards and codes without justification or excuse; and/or

(j)     Failed to use the same degree of care or caution that a reasonable prudent person or company would have exercised under the same or substantially similar circumstances.

6.     On or about May 27, 2017, Frank was working on the operator's platform

utilizing the moon buggy system and its component parts for their intended purpose and

in a reasonably foreseeable manner when his foot was severely and violently crushed

when it was pinned between the operator's platform and the moon buggy.

7.     As a direct and proximate result of the foregoing negligence, Frank sustained severe personal injuries; incurred and will continue to incur, hospital diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; will incur such expenses in the future; suffered and will continue to suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, disfigurement, and permanent disability; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Frank Bilek, respectfully seeks the entry of judgment in his favor and against Defendant, OXBOW MACHINE PRODUCTS, INC. for compensatory damages in an amount within the jurisdictional limits of this Court, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

*COUNT IV- OXBOW MACHINE PRODUCTS, INC.-LOSS OF CONSORTIUM*

Comes now, Plaintiff, Kathi Bilek (hereinafter, "Kathi"), by counsel, KENNETH J. ALLEN LAW GROUP, LLC, and for Count IV of her Complaint against Defendant, OXBOW MACHINE PRODUCTS, INC., (hereinafter, "Oxbow") alleges and states as follows:

1.     At all times relevant herein, Oxbow was a corporation doing business in, and deriving revenue from, Cook County, Illinois.

2.     At all relevant times herein, Oxbow designed, engineered, manufactured, assembled, inspected, marketed, sold, supplied, distributed and/or otherwise placed into

- 11 -

the stream of commerce, the "Moon Buggy" system and its component parts, used at the Ford Motor Plant Facility located at 1000 Lincoln Highway in Chicago Heights, Cook County, Illinois.

3.       At all relevant times herein, Frank Bilek ("Frank") was an employee of Ford Motor Company and assigned to work at the Ford Plant in Chicago Heights. Frank worked near and around the moon buggy system and its component parts, and Frank was within the class of persons Oxbow should have reasonably foreseen as likely working with, near or around the moon buggy system and its component parts.

4.       Oxbow owed Frank and other similarly-situated individuals a duty to use reasonable care in the design, engineering, manufacturing, preparation, assembly, installation, inspection, sale, marketing, supplying, distribution, and/or otherwise placing the moon buggy system and its component parts into the stream of commerce, and in the provision of proper instructions, directions, training, warning and/or hazard guarding of the same.

5.       Oxbow breached the foregoing duties and was negligent in one or more of the following aspects, *inter alia:*

(a)       Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts that failed to incorporate a safety control to prevent a pinch point between the operator's platform and moon buggy carts;

(b)       Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the

- 12 -

stream of commerce, the moon buggy system and its component parts without taking into account the surrounding structures and work environment that the moon buggy carts would be operating in, near or around;

(c)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without properly guarding against and/or warning against the pinch point hazard between the operator's platform and moon buggy carts;

(d)     Failed to properly oversee the installation and construction of its designed and engineered moon buggy system;

(e)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts, when it knew or should have known that the operator's platform was not long enough for workers to work safely around the moon buggy carts without potentially standing in the pinch point between the platform the moon buggy carts;

(f)     Incorrectly and negligently designed the moon buggy system and its component parts;

(g)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts in   such a manner that a worker's low extremities could come into contact with the moon buggy cart during ordinary and foreseeable use;

(h)     Inadequately instructed or provided inadequate warning to  reasonably foreseeable and anticipated users of the moon buggy  system and its component parts about the proper methods to avoid the pinch point between the operator's platform and the moon buggy, which was occasioned by its negligent design and/or installation of the moon buggy system;

(i)     Violated provisions of OSHA, ANSI, ISO, ASTM and other applicable standards and codes without justification or excuse; and/or

- 13 -

(j)      Failed to use the same degree of care or caution that a reasonable prudent person or company would have exercised under the same or substantially similar circumstances.

6.      On or about May 27, 2017, Frank was working on the operator's platform utilizing the moon buggy system and its component parts for their intended purpose and in a reasonably foreseeable manner when his foot was severely and violently crushed when it was pinned between the operator's platform and the moon buggy.

7.      As a direct and proximate result of the foregoing negligence, Frank sustained severe personal injuries; incurred and will continue to incur, hospital diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; will incur such expenses in the future; suffered and will continue to suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, disfigurement, and permanent disability; and incurred other injuries and damages of a personal and pecuniary nature.

8.      At all times relevant herein, Frank and Kathi were and are husband and wife, respectively.

9.      As direct and proximate result of Oxbow's negligence and Frank's proximately resulting injuries, Kathi has been deprived of a portion of Frank's love, companionship, consortium, and/or other services which he had ably provided prior to May 27, 2017.

- 14 -

WHEREFORE, Plaintiff, Kathi Bilek, respectfully seeks the entry of judgment in her favor and against Defendant, OXBOW MACHINE PRODUCTS, INC. for compensatory damages in an amount within the jurisdictional limits of this Court, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### COUNT V-ARISTEO CONSTRUCTION COMPANY -NEGLIGENCE

Comes now, Plaintiff, Frank Bilek (hereinafter, "Frank"), by counsel, KENNETH J. ALLEN LAW GROUP, LLC, and for Count V of his Complaint against Defendant, ARISTEO CONSTRUCTION COMPANY, (hereinafter, "Aristeo") alleges and states as follows:

1.     At all times relevant herein, Aristeo was a corporation doing business in, and deriving revenue from, Cook County, Illinois.

2.     At all relevant times herein, Aristeo constructed, designed, engineered, manufactured, assembled, inspected, marketed, sold, supplied, distributed and/or otherwise placed into the stream of commerce, the "Moon Buggy" system and/or its component parts, used at the Ford Motor Plant Facility located at 1000 Lincoln Highway in Chicago Heights, Cook County, Illinois.

3.     At all relevant times herein, Frank was an employee of Ford Motor Company and assigned to work at the Ford Plant in Chicago Heights. Frank' worked near and around the moon buggy system and its component parts, and Frank was within the

- 15 -

class of persons Aristeo should have reasonably foreseen as likely working with, near or around the moon buggy system and its component parts.

4.      Aristeo owed Frank and other similarly-situated individuals a duty to use reasonable care in the design, engineering, constructing, manufacturing, preparation, assembly, installation, inspection, sale, marketing, supplying, distribution, and/or otherwise placing the moon buggy system and its component parts into the stream of commerce, and in the provision of proper instructions, directions, training, warning and/or hazard guarding of the same.

5.      Aristeo breached the foregoing duties and was negligent in one or more of the following aspects, *inter alia*:

(a)      Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, constructed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts that failed to incorporate a safety control to prevent a pinch point between the operator's platform and moon buggy carts;

(b)      Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, constructed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without taking into account the surrounding structures and work environment that the moon buggy carts would be operating in, near or around;

(c)      Designed, engineered, manufactured, constructed, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without properly guarding against and/or warning against the pinch point hazard between the operator's platform and moon buggy carts;

(d)      Failed to properly oversee the installation and construction of its designed and engineered moon buggy system;

- 16 -

(e)     Designed, engineered, manufactured, prepared, constructed, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts, when it knew or should have known that the operator's platform was not long enough for workers to work safely around the moon buggy carts without potentially standing in the pinch point between the platform the moon buggy carts;

(f)     Incorrectly and negligently designed the moon buggy system and its component parts;

(g)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts in such a manner that a worker's low extremities could come into contact with the moon buggy cart during ordinary and foreseeable use;

(h)     Inadequately instructed or provided inadequate warning to reasonably foreseeable and anticipated users of the moon buggy system and its component parts about the proper methods to avoid the pinch point between the operator's platform and the moon buggy, which was occasioned by its negligent design, installation and/or construction of the moon buggy system;

(i)     Violated provisions of OSHA, ANSI, ISO, ASTM and other applicable standards and codes without justification or excuse; and/or

(j)     Failed to use the same degree of care or caution that a reasonable prudent person or company would have exercised under the same or substantially similar circumstances.

6.     On or about May 27, 2017, Frank was working on the operator's platform utilizing the moon buggy system and its component parts for their intended purpose and in a reasonably foreseeable manner when his foot was severely and violently crushed when it was pinned between the operator's platform and the moon buggy.

7.      As a direct and proximate result of the foregoing negligence, Frank sustained severe personal injuries; incurred and will continue to incur, hospital diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; will incur such expenses in the future; suffered and will continue to suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, disfigurement, and permanent disability; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Frank Bilek, respectfully seeks the entry of judgment in his favor and against Defendant, ARISTEO CONSTRUCTION COMPANY for compensatory damages in an amount within the jurisdictional limits of this Court, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

*COUNT VI-ARISTEO CONSTRUCTION COMPANY-LOSS OF CONSORTIUM*

Comes now, Plaintiff, Kathi Bilek (hereinafter, "Kathi"), by counsel, KENNETH J. ALLEN LAW GROUP, LLC, and for Count VI of her Complaint against Defendant, ARISTEO CONSTRUCTION COMPANY, (hereinafter, "Aristeo") alleges and states as follows:

1.      At all times relevant herein, Aristeo was a corporation doing business in, and deriving revenue from, Cook County, Illinois.

- 18 -

2.     At all relevant times herein, Aristeo constructed, designed, engineered, manufactured, assembled, inspected, marketed, sold, supplied, distributed and/or otherwise placed into the stream of commerce, the "Moon Buggy" system and/or its component parts, used at the Ford Motor Plant Facility located at 1000 Lincoln Highway in Chicago Heights, Cook County, Illinois.

3.     At all relevant times herein, Frank was an employee of Ford Motor Company and assigned to work at the Ford Plant in Chicago Heights. Frank worked near and around the moon buggy system and its component parts, and Frank was within the class of persons Aristeo should have reasonably foreseen as likely working with, near or around the moon buggy system and its component parts.

4.     Aristeo owed Frank and other similarly-situated individuals a duty to use reasonable care in the design, engineering, constructing, manufacturing, preparation, assembly, installation, inspection, sale, marketing, supplying, distribution, and/or otherwise placing the moon buggy system and its component parts into the stream of commerce, and in the provision of proper instructions, directions, training, warning and/or hazard guarding of the same.

5.     Aristeo breached the foregoing duties and was negligent in one or more of the following aspects, *inter alia*:

(a)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, constructed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component

- 19 -

parts that failed to incorporate a safety control to prevent a pinch point between the operator's platform and moon buggy carts;

(b)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, constructed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without taking into account the surrounding structures and work environment that the moon buggy carts would be operating in, near or around;

(c)     Designed, engineered, manufactured, constructed, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts without  properly guarding against and/or warning against the pinch point hazard between the operator's platform and moon buggy carts;

(d)     Failed to properly oversee the installation and construction of its designed and engineered moon buggy system;

(e)     Designed, engineered, manufactured, prepared, constructed, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce, the moon buggy system and its component parts, when it knew or should have known that the operator's platform was not long enough for workers to work safely around the moon buggy carts without potentially standing in the pinch point between the platform the moon buggy carts;

(f)     Incorrectly and negligently designed the moon buggy system and its component parts;

(g)     Designed, engineered, manufactured, prepared, assembled, installed, inspected, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce,  the moon buggy systems and its component parts in such a manner that a worker's low extremities could come into contact with the moon buggy cart during ordinary and foreseeable use;

(h)     Inadequately instructed or provided inadequate warning to  reasonably foreseeable and anticipated users of the moon buggy  system and its component parts about the proper methods to avoid the pinch point between the operator's platform and the moon buggy, which was occasioned by its negligent design, installation and/or construction of the moon buggy system;

- 20 -

(i)    Violated provisions of OSHA, ANSI, ISO, ASTM and other applicable standards and codes without justification or excuse; and/or

(j)    Failed to use the same degree of care or caution that a reasonable prudent person or company would have exercised under the same or substantially similar circumstances.

6.    On or about May 27, 2017, Frank was working on the operator's platform utilizing the moon buggy system and its component parts for their intended purpose and in a reasonably foreseeable manner when his foot was severely and violently crushed when it was pinned between the operator's platform and the moon buggy.

7.    As a direct and proximate result of the foregoing negligence, Frank sustained severe personal injuries; incurred and will continue to incur, hospital diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; will incur such expenses in the future; suffered and will continue to suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, disfigurement, and permanent disability; and incurred other injuries and damages of a personal and pecuniary nature.

8.    At all times relevant herein, Frank and Kathi were and are husband and wife, respectively.

9.    As direct and proximate result of Aristeo's negligence and Frank's proximately resulting injuries, Kathi has been deprived of a portion of Frank's love,

companionship, consortium, and/or other services which he had ably provided prior to May 27, 2017.

WHEREFORE, Plaintiff, Kathi Bilek, respectfully seeks the entry of judgment in her favor and against Defendant, ARISTEO CONSTRUCTION COMPANY for compensatory damages in an amount within the jurisdictional limits of this Court, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

KENNETH J. ALLEN LAW GROUP, LLC
Attorneys for Plaintiffs

Kenneth J. Allen
Otto J. Shragal
Chester L. Cameron, Jr.

## JURY DEMAND

Plaintiffs demand trial by jury on all counts of their Complaint.

Respectfully submitted,

KENNETH J. ALLEN LAW GROUP, LLC
Attorneys for Plaintiffs

Chester L. Cameron, Jr.

- 22 -

## RULE 222 AFFIDAVIT

I, the undersigned, declare under penalties of perjury that the total of money damages sought in this action does exceed $50,000.

Respectfully submitted,

KENNETH J. ALLEN LAW GROUP, LLC
Attorneys for Plaintiffs

Chester L. Cameron, Jr.



INJURY ATTORNEYS

www.kenallenlaw.com

*Reply to Office Indicated*

☑ **ALLEN LAW BUILDING:**
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ **JOILET OFFICE:**
1000 Essington Road
Joliet, IL 60435
815.725.6292

☐ **MERRILLVILLE OFFICE:**
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ **ORLAND PARK OFFICE:**
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ **INDIANAPOLIS OFFICE:**
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ **CHICAGO OFFICE:**
150 N. Michigan Avenue
Chicago, IL 60606
312.236.6292

4148007M72                                                                Firm I.D. 36699

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FRANK BILEK and KATHI BILEK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: 2018 L 001039 |
| | ) |
| FORI AUTOMATION, INC., | ) |
| OXBOW MACHINE PRODUCTS, INC., | ) |
| and ARISTEO CONSTRUCTION | ) |
| COMPANY; | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF FILING

TO:    Chester L. Cameron, Jr., Kenneth J. Allen Law Group, LLC, 1109 Glendale Blvd.,
Valparaiso, IN 46383

YOU ARE HEREBY NOTIFIED that on March 6, 2018, there was filed with the
Circuit Court of Cook County, Illinois, County Department, Law Division, Defendant Fori
Automation, Inc.'s, Notice of Removal, a copy of which is attached hereto.

_____
Scott D. Pfeiffer

### PROOF OF SERVICE

I certify that I served this Notice by mailing a copy to each person to whom it is directed
on the attached service list, by depositing it in the U.S. Mail before 5:00 p.m. at 303 West
Madison Street, Suite 2200, Chicago, Illinois on March 6, 2018, with proper postage prepaid.

_____
Scott D. Pfeiffer

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 332-8450
sdp@crayhuber.com



EXHIBIT
2

4148007M72                                                                 Firm I.D. 36699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FRANK BILEK and KATHI BILEK,              )
                                          )
                Plaintiffs,               )
                                          )
        v.                                )     Case No: 2018 L 001039
                                          )
FORI AUTOMATION, INC.,                    )
OXBOW MACHINE PRODUCTS, INC.,             )
and ARISTEO CONSTRUCTION                  )
COMPANY;                                  )
                                          )
                Defendants.               )

## OXBOW MACHINE PRODUCTS, INC.'S
## CONSENT TO REMOVAL

Defendant Oxbow Machine Products, Inc. hereby consents to the Notice of Removal filed

by Fori Automation, Inc. removing this action, case number 18 L 001039, from the Circuit Court

of Cook County, Illinois, County Department, Law Division, to the United States District Court

for the Northern District of Illinois, Eastern Division.

Defendant Oxbow Machine Products, Inc. was served with summons and a copy of the

Complaint at Law in this action on February 21, 2018.

                                    Respectfully submitted,

                                    OXBOW MACHINE PRODUCTS, INC.

                                    By: /s/ Raymond I. Foley, III
                                        Raymond I. Foley III
                                        Foley Law Offices
                                        15530 Middlebelt
                                        Livonia, MI 48154
                                        raymond@foleylawoffices.net



**EXHIBIT**

3

Prepared by:
Scott D. Pfeiffer (ARDC #6272869)
CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 332-8450
Facsimile: (312) 332-8451
E-mail: sdp@crayhuber.com
*ATTORNEYS FOR DEFENDANT*
*FORI AUTOMATION, INC.*

4148007M72                                                                 Firm I.D. 36699

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FRANK BILEK and KATHI BILEK,          )
                                       )
          Plaintiffs,                  )
                                       )
     v.                                )    Case No: 2018 L 001039
                                       )
FORI AUTOMATION, INC.,                 )
OXBOW MACHINE PRODUCTS, INC.,          )
and ARISTEO CONSTRUCTION               )
COMPANY;                               )
                                       )
          Defendants.                  )

### ARISTEO CONSTRUCTION COMPANY'S
### CONSENT TO REMOVAL

Defendant Aristeo Construction Company hereby consents to the Notice of Removal

filed by Fori Automation, Inc. removing this action, case number 18 L 001039, from the Circuit

Court of Cook County, Illinois, County Department, Law Division, to the United States District

Court for the Northern District of Illinois, Eastern Division.

Defendant Aristeo Construction Company was served with summons and a copy of the

Complaint at Law in this action on January 31, 2018.

Respectfully submitted,

ARISTEO CONSTRUCTION COMPANY

By: _____
Patrick J. Fanning
Chief Trial Attorney
Fanning & Olsen (not a partnership –
Employee of Zurich American
Insurance Company)
300 S. Riverside Plaza, Ste. 2050
Chicago, IL 60606
Patrick.fanning@zurichna.com



EXHIBIT
4

Prepared by:
Scott D. Pfeiffer (ARDC #6272869)
CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 332-8450
Facsimile: (312) 332-8451
E-mail: sdp@crayhuber.com
*ATTORNEYS FOR DEFENDANT*
*FORI AUTOMATION, INC.*